**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*Civil Action No.:*

VANESSA FRESQUEZ,

      Plaintiff,

v.

JULIO COVARRUBIAS, and
STRAIGHT ROAD TRANSPORTATION, INC., a California Corporation,

      Defendants.

## NOTICE OF REMOVAL

Defendants Julio Covarrubias ("Mr. Covarrubias") and Straight Road Transportation, Inc.

("SRT") (collectively referred to herein as "Defendants"), by and through undersigned counsel,

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, seek removal of Case No. 2021CV30958 from the

District Court for the 20th Judicial District -- Boulder County, State of Colorado, to the United

States District Court for the District of Colorado and in support thereof, state as follows.

### Procedural Background

1.      The above-named civil action was filed in Boulder County District Court, State of

Colorado on December 20, 2021. Plaintiff named Mr. Covarrubias and SRT as Defendants. *See*

copy of the Civil Complaint and Jury Demand ("Complaint") and Civil Case Cover Sheet, attached

hereto pursuant to 28 U.S.C. §1446(a), as **Exhibits 1 and 2**, respectively.

2.      Mr. Covarrubias received, through service of process, a copy of the Complaint on

or about January 24, 2022. *See* copy of the Affidavit of Service served on Mr. Covarrubias in this

matter, attached hereto as **Exhibit 3**.

3.      SRT received, through service of process, a copy of the Complaint on or about January 31, 2022. *See* copy of the Affidavit of Service served on SRT in this matter, attached hereto as **Exhibit 4**.

4.      The Complaint generally alleges negligence on the part of Mr. Covarrubias and Vicarious Liability/Respondeat Superior on the part of SRT relating to a motor vehicle accident (the "collision") that occurred on or about April 18, 2019, at or about the intersection of Federal Boulevard and U.S. Highway 36 in the City of Westminster, County of Adams, State of Colorado.

5.      Plaintiff claims that "[u]pon information and belief, the Volvo being driven by Defendant Covarrubias at the time of the aforementioned collision was owned by Defendant Straight Road. …" and that "[D]efendant Straight Road authorized Defendant Covarrubias to use the Volvo he was driving at the time of the collision." Plaintiff further claims that "[a]s a result of Defendant Covarrubias causing the collision, Plaintiff sustained significant physical injuries …". *See*, **Exhibit 1**, generally and at ¶¶16, 20-21.

## Notice of Removal

6.      Upon review of the Complaint, together with the accompanying Civil Case Cover Sheet, Defendants have ascertained that the case is removable to this Court pursuant to 28 U.S.C. §1446.

7.      This Notice of Removal is filed within the requisite thirty (30) days from the date of service of process on Defendants, and, thus, is timely filed pursuant to 28 U.S.C. §1446(b).

8.      The United States District Court for the District of Colorado embraces the place where the state court action is currently pending.

9.      A Notification of Removal is being filed with the Boulder County District Court and served on Plaintiff concurrently with the filing of the instant Notice in accordance with 28 U.S.C. §1446(d).

### Diversity of Citizenship Jurisdiction

10.     Paragraphs 1 through 9, *supra*, are incorporated by reference as if set forth fully at length.

11.     Plaintiff's Complaint avers that Mr. Covarrubias, at all times relevant to this action, was a resident in Los Angeles County, State of California.  *See* **Exhibit 1** at ¶2.  At the time of the incident Mr. Covarrubias was a citizen of the State of California domiciled at 917 E. Stockton Avenue, Compton, California 91978. *See* State of Colorado Traffic Accident Report, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibit  5**.

12.     Plaintiff's Complaint avers that SRT, at all times relevant to this action, was and is a California corporation.

13.     Upon information and belief, Plaintiff is a citizen of the State of Colorado domiciled in Adams County, Colorado at 11955 Kearney Circle, Thornton, Colorado 80233, and was so both at the time of filing of the state court action and at the time of filing of the instant Notice. *See* **Exhibit 1** at ¶1 and **Exhibit 5**. *See also* printout from the Adams County Colorado Assessor's website indicating, upon information and belief, that Plaintiff resides with family members, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibit  6**.

14.     At the time of filing of the Complaint with the Boulder County District Court and at the time of filing the instant Notice, Mr. Covarrubias was and is a citizen of the State of California. *See* Mr. Covarrubias' California Driver's License and the LexisNexis Accurint Search

Report, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibits 7 and 8**, respectively.

15.     In addition, at the time of filing of the Complaint with the Boulder County District Court and at the time of filing the instant Notice, SRT was and is a citizen of California.  SRT is a corporation duly incorporated under the laws of the State of California, with its principal place of business located at 1757 Valkyria Lane, El Cajon, California 92019. *See* printout from the California Secretary of State's website indicating SRT's good standing status, attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibit 9**. *See also*, the Company Snapshot and Motor Carrier Details report from the Federal Motor Carrier Safety Administration ("FMCSA"), attached hereto pursuant to 28 U.S.C. §1446(a), as **Exhibits 10 and 11**, respectively.

16.     "[T]he jurisdiction of the [c]ourt depends upon the state of things at the time of the action brought . . . ".  *See*, *Mollan v. Torrance*, 22 U.S. 537, 539 (1824); *see also*, *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).  Accordingly, diversity of citizenship existed both at the time of filing in state court and at the time of filing the instant Notice.

**Amount in Controversy**

17.     Beyond a complaint itself, other documentation is relevant and can provide the basis of determining the amount in controversy for purposes of diversity jurisdiction.  *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.* at 955.  For instance, in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), the plaintiff based its recovery on tort theory, and alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."  Even though the complaint did not

specify a numerical value of damage, the Fifth Circuit found that the district court did not err in finding that the plaintiff's claims exceeded $75,000.  *Id.*

18.    Here, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.  Plaintiff states in her signed Civil Case Cover Sheet that she is seeking a monetary judgment for more than $100,000.00 against Defendants including any penalties or punitive damages, but excluding attorney fees, interest and costs.  *See*, **Exhibit 2** at p. 1.

19.    As stated above, Plaintiff claims that she suffered bodily injury.  Plaintiff further claims that she "has undergone significant medical treatment, …" and "has incurred in excess of $30,000.00 in medical expenses and has been recommended for additional future medical care." *See*, **Exhibit 1**, generally and at ¶¶17-18.  Similar to *Luckett*, Plaintiff has based her recovery on tort theory and has alleged damages in addition to those related to medical costs, including, wage loss, loss of earning capacity, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.  When factoring in additional past and future damages, unrelated to medical expenses, this Court should find that the amount in controversy exceeds $75,000.  *See*, *Luckett*, 171 F.3d at 298.

20.    Through Plaintiff's Civil Case Cover Sheet (**Exhibit 2**) and Plaintiff's theories of recovery including damages unrelated to medical expenses, Defendants have met their burden to show that the amount in controversy exceeds $75,000.  Therefore, diversity jurisdiction is proper. *See*, *McPhail*, 529 F.3d at 955; *see also*, *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016) (civil cover sheet is notice that amount in controversy exceeded $75,000, starting the removal clock).

21.    This action is removable to the United States District Court for the District of

Colorado pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a).

22.     This Notice of Removal is timely, having been filed by Defendants within thirty (30) days of January 24, 2022, the date on which Plaintiff served her Complaint on Mr. Covarrubias.

WHEREFORE, Defendants Julio Covarrubias and Straight Road Transportation, Inc., request that the underlying state court action pending in Boulder County District Court, State of Colorado, be removed to this Honorable Court.

Dated:  February 22, 2022

KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Bobby G. Riley
3773 Cherry Creek North Drive, Suite 900
Denver, Colorado 80209
Phone:  303-320-6100; Fax:  303-327-8601
Email:  jonathan@kandf.com;
        bobby@kandf.com
*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Britt A. Holtz, Esq. [bh@zanerhardenlaw.com]
*ATTORNEY FOR PLAINTIFF*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

**VIA U.S. MAIL, POSTAGE PREPAID AND EMAIL**  **VIA CCES**

Britt A. Holtz, Esq.  Clerk of the Court
Zaner Harden Law, LLP  Boulder County District Court
1610 Wynkoop Street, #120  1777 6th Street
Denver, CO 80202  Boulder, CO 80302
Email: bh@zanerhardenlaw.com
*Attorney for Plaintiff*

*s/ Elizabeth Jackson*
Elizabeth Jackson, Paralegal
Kissinger & Fellman, P.C.

7