| | |
|---|---|
| DISTRICT COURT OF THE 20th JUDICIAL DISTRICT, BOULDER COUNTY DISTRICT COURT, STATE OF COLORADO<br><br>Court Address: 1777 6th Street<br>Boulder, CO 80302<br><br>Telephone: (303)441-3750 | DATE FILED: December 20, 2021 12:40 PM<br>FILING ID: D223C06361D93<br>CASE NUMBER: 2021CV30958 |
| Plaintiff:<br><br>**VANESSA FRESQUEZ**<br><br>v.<br><br>Defendants:<br><br>**JULIO COVARRUBIAS and STRAIGHT ROAD TRANSPORTATION, INC.** | ▲ Court Use Only ▲ |
| *Attorney for Plaintiffs:*<br><br>Britt A. Holtz, Atty. Reg. #49051<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop St. #120<br>Denver, CO 80202<br>Telephone: (303) 563-5354<br>Facsimile: (303) 563-5351<br>E-mail:   bh@zanerhardenlaw.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

Plaintiff, Vanessa Fresquez, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts as follows:

## JURISDICTION AND VENUE

1.      At all times relevant to this action, Plaintiff Vanessa Fresquez (hereinafter "Plaintiff") was a resident of Adams County, State of Colorado.

2.      Upon information and belief, at all times relevant to this action, Defendant Julio Covarrubias (hereinafter "Defendant Covarrubias") was a resident Los Angeles County, State of California.

3.      Upon information and belief, at all times relevant to this action, Defendant Straight Road Transportation, Inc. (hereinafter "Defendant Straight Road") was and is a foreign

corporation, registered in the State of California, with its principal place of business located at 11967 Calle Naranja, El Cajon, California 92019.

4. Defendant Straight Road can be served with process via its registered agent, Haider Karim Solagh, located at 11967 Calle Naranja, El Cajon, California 92019.

5. This action arises out of a semi versus automobile collision that occurred at or about the intersection of Federal Boulevard and the US Highway 36 eastbound on-ramp in Adams County, Colorado.

6. Venue is proper in Boulder County District Court pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 6 of this Complaint, as if set forth *verbatim*.

8. On or about April 18, 2019, at approximately 9:04 a.m., Plaintiff and Defendant Covarrubias were involved in a semi versus automobile collision at or about the intersection of Federal Boulevard and the US Highway 36 eastbound on-ramp in the City of Westminster, County of Adams, State of Colorado.

9. At the aforementioned date and time, Plaintiff was the restrained driver of a 2015 Nissan Altima (hereinafter the "Nissan"), in the number one left turn lane of southbound Federal Boulevard, preparing to turn left onto the US Highway 36 eastbound on-ramp.

10. At the aforementioned date and time, Defendant Covarrubias was the driver of a 2015 Volvo semi (hereinafter the "Volvo") that was owned by Defendant Straight Road, in the number two left turn lane of southbound Federal Boulevard, preparing to turn left onto the US Highway 36 eastbound on-ramp.

11. At the time of the collision, the Volvo had a trailer attached, creating a full 18-wheel tractor trailer combination.

12. As the light turned green to allow the vehicles to turn left, Plaintiff and Defendant Covarrubias accelerated their vehicles to make the turn.

13. While making the left turn, Defendant Covarrubias failed to keep the Volvo he was operating in the proper lane of travel and as a result, the rear driver's side of the trailer that Defendant Covarrubias was towing struck the front passenger side of Plaintiff's Nissan, causing damage to Plaintiff's Nissan as well as the trailer attached to the Volvo.

14. When Defendant Covarrubias drove the Volvo and trailer into Plaintiff's Nissan, thereby causing the collision, he drove in a careless and imprudent manner and failed to take into account the safety of others, particularly that of the Plaintiff.

15. Following the collision, Officer K. Smart of the Westminster Police Department arrived at the scene of the crash, conducted an investigation, determined that

Defendant Covarrubias was completely at-fault for causing the crash, and cited Defendant Covarrubias for Unsafe Lane Change.

16. As a result of Defendant Covarrubias causing the collision, Plaintiff sustained significant physical injuries, including, but not limited to, injuries to her cervical and lumbar spines.

17. As a result of her collision related injuries, Plaintiff has undergone significant medical treatment, including doctor's visits, radiologic exams, and multiple interventional procedures in her lumbar spine, including medical branch blocks and radiofrequency ablations.

18. As a result of her collision related injuries, Plaintiff has incurred in excess of $30,000.00 in medical expenses and has been recommended for additional future medical care.

19. Plaintiff was not comparatively negligent and did not cause the aforementioned collision.

20. Upon information and belief, the Volvo being driven by Defendant Covarrubias at the time of the aforementioned collision was owned by Defendant Straight Road.

21. Upon information and belief, Defendant Straight Road authorized Defendant Covarrubias to use the Volvo he was driving at the time of the collision.

22. As a direct and proximate result of the aforementioned collision, Plaintiff has incurred past and future economic injuries, losses, and damages, including, but not limited to, past and future medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

23. As a direct and proximate result of the aforementioned collision, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

24. As a direct and proximate result of the aforementioned collision, Plaintiff has suffered and will continue to suffer in the future, physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF
**Negligence – Defendant Covarrubias**

25. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 24 of this Complaint, as if set forth *verbatim*.

26. Defendant Covarrubias owed Plaintiff a duty to use reasonable care in his operation of the Volvo.

27. Defendant Covarrubias breached his duty to Plaintiff to exercise reasonable care in his operation of the Volvo when he negligently and unreasonably operated the Volvo in such a manner as to cause the trailer the Volvo was towing to strike Plaintiff's Nissan.

28. Defendant Covarrubias also breached the above referenced duty without limitation, in the following ways:

  a. Failing to Keep a Proper Lookout;
  b. Failing to Stay in the Proper Lane of Travel;
  c. Driving Carelessly; and
  d. Making an Improper Turn.

29. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff.

30. As a result of Defendant Covarrubias' breaches of the aforementioned duty, Plaintiff has sustained injuries, damages, and losses, as described above.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* – Defendant Covarrubias

31. Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 30 of this Complaint, as if set forth *verbatim*.

32. When Defendant Covarrubias operated the Volvo in such a manner as to cause the aforementioned collision, he was in violation of applicable municipal ordinances and Colorado Statutes including, but not limited to:

  a. C.R.S. § 42-4-1007(1)(a), Unsafe Lane Change;
  b. C.R.S. § 42-4-1402, Careless Driving; and
  c. C.R.S. § 42-4-1402(2)(b), Careless Driving Causing Bodily Injury.

33. Plaintiff is a member of the class for whose protection the above-referenced statutes were enacted.

34. The incident herein above described and the injuries and damages that the Plaintiff suffered as a result of the incident are the kind of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

35. Defendant Covarrubias' violations of the above-refenced statutes constitute negligence *per se*.

36. As a direct and proximate result of Defendant Covarrubias' violations of the above-referenced statutes, Plaintiff sustained injuries, damages, and losses, as described above.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability/Respondeat Superior
### Defendant Straight Road Transportation

37. Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 36 of this Complaint, as if set forth *verbatim*.

38. Upon information and belief, at or about the aforementioned date and time of the incident, Defendant Covarrubias was an employee and/or agent of Defendant Straight Road.

39. Upon information and belief, at or about the aforementioned date and time of the incident, Defendant Covarrubias was acting within the course and scope of his employment and/or agency with Defendant Straight Road.

40. At or about the aforementioned date and time of the collision, the acts and/or omissions of Defendant Covarrubias are by law deemed to be the acts and/or omissions of Defendant Straight Road.

## JURY DEMAND

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, Vanessa Fresquez, prays for judgment against the Defendants, Julio Covarrubias and Straight Road Transportation, Inc., in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

DATED: December 20, 2021.

Respectfully submitted,

ZANER HARDEN LAW, LLP

*/s/Britt A. Holtz*
Britt A. Holtz

Plaintiff's Address:

11955 Kearney Circle
Thornton, CO 80233